# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS EDWARD BYRD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE DOCTORS AND ALL OTHERS OF THE CORRECTIONAL HEALTHCARE SYSTEM, et al.,<br><br>　　　　　Defendants. | Case No. CV 18-8769-AG (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On October 11, 2018, Curtis Edward Byrd ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 5, 2018, Plaintiff filed a First Amended Complaint ("FAC").

## SCREENING STANDARDS

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the FAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds that the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff's claims arise out of his confinement at various California Department of Corrections and Rehabilitations ("CDCR") facilities, including the California Institution for Men in Chino, California ("CIM") and California State Prison - Los Angeles County in Lancaster, California ("CSP-LAC"). He has named the following CDCR medical personnel as Defendants: Cho, Alberto Lopez, Frances, R. Robles, and Jong J. Lee. All Defendants are sued in their official capacities only. (FAC at 3-4.) Plaintiff alleges the following:

In 2008, Defendant Frances told Plaintiff he had hepatitis C. In 2009, Defendant Cho told Plaintiff he had hepatitis C. At an unknown date, Defendant Robles told Plaintiff he had hepatitis C. In 2014, Defendant Lopez told Plaintiff he had hepatitis C. Plaintiff never received any treatment for hepatitis C. In 2018, Defendant Lee told Plaintiff he had no trace of the hepatitis C virus in his blood. (Id. at 5.) Plaintiff was "misdiagnosed on [his] health." As a result, he has suffered emotional and psychological distress. (Id. at 6.)

Plaintiff seeks monetary damages. (Id. at 6.)

## DISCUSSION

### I. PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff has sued Defendants in their official capacities only. (FAC at 3-4.) Plaintiff's official capacity claims are barred by the Eleventh Amendment.

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a

suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment.  See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).  "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ."  Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).  However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law."  Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir.1999), cert. denied, 530 U.S. 1204 2000); Ex Parte Young, 209 U.S. 123, 159-60 (1908).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed."  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity).  Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Here, Plaintiff seeks only monetary damages against Defendants in their official capacities.  (FAC at 3-4, 6.)  Plaintiff's official capacity claims are barred by the Eleventh Amendment.  If Plaintiff chooses to file an amended complaint, he should not sue Defendants in their official capacities for retroactive relief, including monetary damages.

## II. PLAINTIFF HAS FAILED TO ALLEGE FACTS DEMONSTRATING THAT EACH DEFENDANT ACTED WITH DELIBERATE INDIFFERENCE IN VIOLATION OF THE EIGHTH AMENDMENT

The state must provide medical care to prisoners because their incarceration has deprived them of the ability to secure medical care for themselves. Estelle v. Gamble, 429 U.S. 97, 103 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Failure to provide medical care may violate the Cruel and Unusual Punishment Clause of the Eighth Amendment if it amounts to deliberate indifference to a prisoner's serious medical needs. Estelle, 429 U.S. at 104

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). A serious medical need exists if failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059. Examples of serious medical needs include: '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Id. at 1059-60.

Deliberate indifference requires that defendants purposefully ignore or fail to respond to the prisoner's pain or medical need. McGuckin, 974 F.2d at 1060. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care." Id. at 1059; see Estelle, 429 U.S. at 104-05. However, an inadvertent or negligent failure to provide medical care does not constitute deliberate indifference. Estelle, 429 U.S. at 105-06. When medical treatment is delayed rather than denied, the delay generally amounts to deliberate indifference only if it caused further harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dept., 865 F.2d 198, 200

(9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985); see also Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (delayed dental care did not violate Eighth Amendment because plaintiffs did not show that "delays occurred to patients with problems so severe that delays would cause significant harm"). "[D]elay in providing a prisoner with [medical] treatment, standing alone, does not constitute an eighth amendment violation." Hunt, 865 F.2d at 200 (citation omitted).

Plaintiff alleges that, between 2008 and 2014, Defendants Frances, Cho, Robles, and Lopez all told him he had hepatitis C, but failed to provide treatment. (FAC at 5.) Plaintiff alleges that in 2018, Defendant Lee told Plaintiff there are no traces of the hepatitis C virus in his blood. (Id.)

The facts alleged by Plaintiff do not establish deliberate indifference. He does not allege any facts demonstrating that he suffered harm as a result of the failure to receive treatment for hepatitis C. He alleges only that he has been "wondering" for the past ten years "when [he] was going to die of this debilitating virus of the liver," he "do[esn't] know what to think now" that he has been told he does not have the virus, and "his life is in limbo." (FAC at 6.) These allegations are wholly insufficient to establish deliberate indifference in violation of the Eighth Amendment.

Plaintiff already has filed an amended complaint, yet he still fails to state a cognizable civil rights claim. However, because Plaintiff appears pro se the Court will grant him leave to amend. If Plaintiff wishes to amend his pleadings, he should set forth specific and accurate facts demonstrating deliberate indifference by each Defendant under the standards set forth above. Conclusory statements are insufficient to satisfy Iqbal.

*************

For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document.  The Clerk is also directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Second Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: December 12, 2018

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE